IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

**RICHARD JOHN ADAMS,**           )
                                  )
      **Plaintiff,**     )
                                  )
v.                                )    Case No. 05-3512-CV-S-RED
                                  )
**STEVEN PRIVETTE, and**          )
**THE LAW OFFICE OF STEVEN PRIVETTE,** )
                                  )
      **Defendants.**    )

## ORDER

NOW before the Court is the Application for Leave to File This Action Without Payment or Fees, Costs or Security With Supporting Affidavit of Financial Status (Doc. 1) and the Plaintiffs' Complaint (Ex. 1 to Doc. 1). Upon due consideration of the financial information provided in Plaintiff's application, the Court finds that the Motion for Leave to Proceed in Forma Pauperis (Doc. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915(a)(1) for a limited purpose so that the Court may consider the merits of the action. After having considered the Complaint, the Court finds that this action is hereby **DISMISSED WITHOUT PREJUDICE** because the Complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(a)(1), a pro-se plaintiff may request that the court authorize the commencement of an action without requiring the plaintiff to pay any fees, costs, or security. However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Accordingly, leave to proceed *in forma pauperis* is generally denied unless the applicant satisfies two separate requirements. *See id.* First, the applicant must be sufficiently impoverished so as to qualify by "economic status" pursuant to 28 U.S.C. § 1915(a). If the applicant qualifies by economic status, the court then determines whether the applicant's complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i) (2000), fails to state a claim upon which relief may be granted, *id.* §

1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, *id*. § 1915(e)(2)(B)(iii), and if so, dismisses the complaint.

Under Local Rule 83.7(a)(3), the proper standard for determining poverty is whether the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. The court is afforded sound discretion when determining whether a plaintiff is sufficiently impoverished. *See Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Plaintiff states that he is not gainfully employed, but rather works "odd jobs" to raise funds for the household and also is a stay-at-home father. Plaintiff states that his wife of "Christian common law" is employed during the months of April to November and earns $1,200.00 each of those months. From December to March, she collects unemployment. Plaintiff further states that the expenses for the family including rent and utilities total $1,100.00 a month. Based on the financial affidavit, the Court finds that if the Plaintiff were required to pay costs, he would have to give up the basic necessities of life as defined in the Code and Local Rule 83.7.

However, demonstrating poverty does not end the inquiry. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action at any time if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is held to be frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). "An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Taylor v. United States*, No. 4:97CV2305, 1997 WL 1008226, at *1 (E.D. Mo. Dec. 18, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-

0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. Apr. 14, 1987).

As a threshold matter, it does not appear that this Court has subject matter jurisdiction over Plaintiff's case. Plaintiff states that both he and the Defendants are Missouri residents. As such, there is no diversity of citizenship in this case. Thus, jurisdiction in this Court would necessarily have to be through a federal question presented in Plaintiff's Complaint.

Plaintiff's Complaint clearly states breach of contract as one cause of action. This is certainly not a federal question. Plaintiff further alleges due process violations, equal protection deprivations, and civil rights deprivations under 28 U.S.C. § 1983. To the extent Plaintiff is alleging a deprivation of due process or other constitutional protections, Plaintiff can not recover against individuals for these wrongs. *See, e.g., Rendell-Baker v. Kohn*, 102 S. Ct. 2764 (1982) (holding that while the Fourteenth Amendment prohibited states from denying federal constitutional rights including the guarantee of due process, this does not apply to the actions of private persons or entities). Since Plaintiff has only named private persons in his Complaint, his constitutional allegations can not stand. Without diversity of citizenship, including the proper amount in controversy alleged or a proper federal question asserted, this Court does not have the subject matter jurisdiction to hear this case. Accordingly Plaintiff's Complaint is due to be **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

DATE: October 26, 2005    */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

3